UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SAM ALAM, | § |
| | § |
|     Plaintiff, | § |
| | § |
| v. | §     CIVIL ACTION NO. H-02-4478 |
| | § |
| FANNIE MAE and SWIFT GORE | § |
| REALTY, INC. | § |
| | § |
|     Defendants. | § |

## MEMORANDUM OPINION & ORDER

The following motions are pending before the Court: (1) Defendants' Joint Motion to Dismiss David C. Redford and Robert M. Browning Without Prejudice (Dkt. No. 69); (2) Plaintiff's Motion to Invalidate Judge John D. Rainey's Order Dated June 6, 2006 (Dkt. No. 79); (3) Plaintiff's Motion to Reconsider Summary Judgment For Its Claims for Conspiracy and Punitive Damages (Dkt. No. 80); (4) Brown Sims' Motion to Seal (Dkt. No. 84); (5) Plaintiff's Emergency Motion to Deny Enforcement of Settlement; Motion to Deny Motion to Intervene; Motion for Sanctions and Emergency Motion for an Expedited Oral Hearing (Dkt. No. 86); (6) Plaintiff's Re-urged Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages (Dkt. No. 89); (7) Plaintiff's Supplemental Motion to its Re-urged Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages (Dkt. No. 93); (8) Defendant Fannie Mae's Motion for Protective Order (Dkt. No. 94); (9) Plaintiff's Motion for Sanctions and Motion to Extend the Trial Date (Dkt. No. 96); (10) Plaintiff's Motion to Request a Hearing on its Supplemental Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages and Motion for Sanctions (Dkt. No. 97); and (11) Plaintiff's Motion for Continuance and Motion to

Reset Trial (Dkt. No. 100).

After reviewing the motions, any responses thereto, the entire record, and the applicable law, the Court hereby disposes of each of these pending motions in rough order of filing date.  Facts are recited herein only insofar as is necessary to adequately address one or another of the pending motions.

**(1)     Defendants' Joint Motion to Dismiss David C. Redford and Robert M. Browning Without Prejudice (Dkt. No. 69)**

This motion seeks to dismiss Defendants' claims against David C. Redford and Robert M. Browning.  The Court's review of the docket indicates that the only claims pending against these two individuals were asserted in Defendants' Joint Original Complaint in Interpleader and Counterclaim in Interpleader against claimants Sam Alam, David Redford, Robert M. Browning, and Brown Sims, P.C. (Dkt. No. 57 & Dkt. No. 58).  However, this Court dismissed all of Defendants' interpleader actions in its Memorandum Opinion & Order dated September 29, 2006 (Dkt. No. 88).  Accordingly, the pending motion to dismiss (Dkt. No. 69) is hereby DENIED as moot.

**(2)     Plaintiff's Motion to Invalidate Judge John D. Rainey's Order Dated June 6, 2006 (Dkt. No. 79)**

This motion appears to be a motion to vacate the Court's order of June 6, 2006 (Dkt. No. 78), in which the Court, inter alia, denied Plaintiff's Motion for Leave to File a Motion for Reconsideration of the Court's decision to grant summary judgment in favor of Defendants on Plaintiff's claim for civil conspiracy and dismiss Plaintiff's claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 52).  In its June 6, 2006 order, the Court (1) noted that the then-pending motions on the parties' alleged settlement rendered Plaintiff's motion

to reconsider (Dkt. No. 52) premature and (2) invited Plaintiff to re-file if the Court denied Defendants' motions to enforce the alleged settlement. The Court was well within its discretion to so rule at that time. Moreover, the condition precedent to Plaintiff's re-filing – specifically, this Court's denial of the motions to enforce the alleged settlement – has occurred and Plaintiff has, in fact, re-filed his motion to reconsider. Accordingly, Plaintiffs' motion to vacate the Court's order of June 6, 2006 (Dkt. No. 79) is hereby DENIED as moot.

**(3)     Plaintiff's Motion to Reconsider Summary Judgment For Its Claims for Conspiracy and Punitive Damages (Dkt. No. 80)**

This motion was yet another premature attempt by Plaintiff to move the Court to reconsider its decision to grant summary judgment in favor of Defendants on Plaintiff's claims for conspiracy and to dismiss Plaintiff's claims for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6). Moreover, this motion appears to be in direct contravention of the Court's order of June 6, 2006 (Dkt. No. 78), which clearly advised Plaintiff that the Court was of the opinion that any motion to reconsider the court's summary judgment and 12(b)(6) rulings was, at that time, premature while the cross-motions on the alleged settlement were pending. Accordingly, and for the reasons stated in the previous section herein, Plaintiff's motion to reconsider (Dkt. No. 80) is hereby DENIED as moot.

**(4)     Brown Sims' Motion to Seal (Dkt. No. 84)**

On August 22, 2006, the Court held an evidentiary hearing on the cross-motions regarding whether to enforce the alleged settlement in this case. Dkt. No. 82. The parties, including David Redford on behalf of the Houston law firm of Brown Sims, P.C., a potential intervenor, were placed under oath and gave evidence regarding (1) prior settlement discussions, (2) the drafting of various settlement papers, and (3) an alleged lien asserted by Brown Sims against any settlement proceeds

received by Plaintiff in this case to secure payment for legal fees allegedly incurred by Plaintiff and owed to Brown Sims for legal services rendered in unrelated cases. Three days after the hearing, Brown Sims filed the pending motion to seal "all oral evidence and documentary evidence in the hearing of August 22, 2006." Dkt. No. 84 at 1. The only reason stated by Brown Sims in support of the motion was its fear "that other parties may ... use this evidence to the detriment of Sam Alam." *Id.* As far as the Court can tell, none of the other parties, including, notably, Plaintiff, have responded to or otherwise addressed Brown Sims' motion.

Our courts have recognized that the public has a common law right to inspect and copy judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978); *Belo Broadcasting Corp. v. Clark*, 654 F.2d 423, 429 (5th Cir. 1981). The public's common law right, however, is not absolute and access may be denied "where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598; *see Belo*, 654 F.2d at 430. Even though not absolute, the public's common law right of access to judicial papers establishes a presumption in favor of open records. *Belo*, 654 F.2d at 434; *see Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3rd Cir. 1988). Accordingly, "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings and Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987).

In determining whether to seal the "oral and documentary evidence" from the August 22, 2006 hearing, this Court is obliged to "balance the public's common law right of access against the interests favoring nondisclosure." *Nixon*, 435 U.S. at 599, 602. Without exhaustively reviewing the transcript of the hearing, it is difficult to know precisely what evidence, in Brown Sims' view, is potential fodder for improper use against Plaintiff. The Court recalls that there was some limited

testimony regarding Brown Sims' representation of Plaintiff in matters unrelated to this case as well as some discussion of Brown Sims' view that Plaintiff had not adequately compensated Brown Sims for services rendered. Without more explanation, the Court does not recall any evidence regarding unrelated cases to which Plaintiff is a party that would be susceptible to improper use. Moreover, the Court notes that Plaintiff, whose interests Brown Sims is apparently seeking to protect despite the fact that they no longer represent him, has not joined in the motion or otherwise expressed any interest in sealing the record of the hearing. Given these facts, the Court sees no compelling reason to grant Brown Sims' request to do that which Plaintiff seemingly could – but has apparently chosen not to – attempt to do for himself. Accordingly, the Court finds no interests favoring nondisclosure that would trump the public's longstanding common law right of access to court papers and is of the opinion that the motion to seal should be, and hereby is, DENIED.

**(5)     Plaintiff's Emergency Motion to Deny Enforcement of Settlement; Deny Motion to Intervene; Sanctions and Emergency Motion for an Expedited Oral Hearing (Dkt. No. 86)**

This motion appears to duplicate in part Plaintiff's earlier motion (Dkt. No. 59) to deny enforcement of the alleged settlement that was the subject of the Court's September 29, 2006 Memorandum Opinion & Order. In addition to requesting that the Court deny enforcement of the alleged settlement, Plaintiff's pending motion (Dkt. No. 86) also urges the Court to (1) deny Brown Sims' motion to intervene and (2) order that the lawyers representing Defendants and Brown Sims' be jailed for thirty days and pay Plaintiff $2,500 as sanctions for causing him to prepare for and attend the August 22, 2006 hearing on the alleged settlement. Insofar as Plaintiff's pending motion seeks relief regarding matters addressed in the Court's September 29, 2006 Memorandum Opinion & Order, including (1) Plaintiff's request to deny enforcement of the alleged settlement and (2) Plaintiff's request to deny Brown Sims' motion to intervene, the Court is of the opinion that it

should be, and hereby is DENIED as moot. With respect to Plaintiff's request for sanctions, the Court is aware of no conduct on the part of counsel for Defendants or Brown Sims that remotely approaches sanctionable levels under our rules. Accordingly, the Court is of the further opinion that Plaintiff's request for sanctions should also be, and hereby is, DENIED.

**(6) Plaintiff's Re-urged Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages (Dkt. No. 89)**

**(7) Plaintiff's Supplemental Motion to its Re-urged Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages (Dkt. No. 93)**

**(10) Plaintiff's Motion to Request a Hearing on its Supplemental Motion for Leave of Court to File a Motion for Reconsideration of Summary Judgment for Conspiracy and Punitive Damages and Motion for Sanctions (Dkt. No. 97)**

All three of these motions deal with Plaintiff's ongoing efforts to encourage the Court to reconsider its decisions – set forth in a Memorandum Opinion & Order dated September 29, 2005 (Dkt. No. 49) – to grant (1) Fannie Mae's Motion for Summary Judgment on Plaintiff's conspiracy claim (Dkt. No. 29) and (2) Fannie Mae's 12(b)(6) Motion to Dismiss Punitive Damages Claim (Dkt. No. 28). For the reasons stated herein, the Court is of the opinion that all three are without merit.

The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. However, this Court is authorized to change its rulings on interlocutory orders at any time prior to final judgment. Plaintiff in this case has filed several motions asking the Court to reconsider its rulings on civil conspiracy and punitive damages.

It appears that Plaintiff's motion with respect to the dismissal of his punitive damages claims is based on Plaintiff's personal belief that the Court's ruling was in error. After reviewing the Court's Memorandum Opinion & Order dated September 29, 2005 (Dkt. No. 49), the entire record,

and the applicable law, the Court is of the opinion that it correctly resolved Fannie Mae's 12(b)(6) Motion to Dismiss Punitive Damages Claim (Dkt. No. 28).

With respect to the Court's decision to grant summary judgment in favor of Fannie Mae on Plaintiff's conspiracy claim, Plaintiff appears to allege in the pending motions either that (1) he is now in possession of sufficient documentary evidence to establish a disputed material fact regarding whether Defendants engaged in a civil conspiracy or (2) such documentary evidence as would raise a disputed material fact is within the possession, custody, or control of one or more of the Defendants, and that such evidence is being withheld in contravention of the discovery rules. To the extent that Plaintiff's argument is based on the former, he has failed to submit such evidence to the Court; therefore, the Court is not aware of any evidence that would raise a fact issue as to Plaintiff's civil conspiracy claim or otherwise persuade the Court that it's original ruling should be reversed. To the extent that Plaintiff's argument is based on the latter, the proper means through which to address violations of the discovery rules is a motion to compel, not a motion to reconsider.

Finally, with respect to Plaintiff's request for oral hearing (Dkt. No. 97), the Court notes that it is authorized under the local rules to exercise broad discretion regarding whether oral arguments are necessary or helpful to the Court's resolution of disputed motions. Having considered Plaintiff's request, the Court is of the opinion that oral argument on this matter is not necessary.

Accordingly, and for the reasons stated herein, Plaintiff's three pending motions urging the Court to reconsider is prior rulings on civil conspiracy and punitive damages (Dkt. No. 89, Dkt. No. 93, & Dkt. No. 97) should be, and hereby are, DENIED.

**(8)      Defendant Fannie Mae's Motion for Protective Order (Dkt. No. 94)**

**(9)      Plaintiff's Motion for Sanctions and Motion to Extend the Trial Date (Dkt. No. 96)**

The only disputed issue in these motions appears to be the dates on which three of Fannie Mae's witnesses are to be deposed by Plaintiff pursuant to timely-served notices. However, Fannie Mae has failed to provide the Court with sufficient facts on which to grant the requested relief. For instance, it is not clear from the record (1) whether the witnesses are currently under Fannie Mae's control or (2) why the witnesses were unavailable for deposition on the dates stated in the notices. Such minimal facts are necessary in order for the Court to apply the discovery rules. Based on the few facts stated in its motion, the Court is of the opinion that Fannie Mae has not established the good cause necessary for the issuance of a protective order under Rule 26(c). Accordingly, the Court is of the opinion that Fannie Mae's motion (Dkt. No. 94) should be, and hereby is, DENIED. The Court turns next to whether Plaintiff is entitled to sanctions and/or a continuance of the trial date. Having considered the facts presented by both parties with respect to these three depositions, the Court is of the further opinion that neither sanctions nor a continuance of the trial date are appropriate at this time. Accordingly, Plaintiff's motion (Dkt. No. 96) is hereby DENIED.

The Court notes that Fannie Mae indicated in its motion (Dkt. No. 94) that the witnesses would be available the week of January 8, 2007. In the event the witnesses still need to be deposed, the Court strongly suggests that the parties take advantage of that availability. If Plaintiff is unable to depose the witnesses on those dates, the parties are encouraged to work together to reach an agreement on dates prior to the discovery cutoff later this month.

**(11) Plaintiff's Motion for Continuance and Motion to Reset Trial (Dkt. No. 100)**

The final pending motion that remains to be dealt with in this order is Plaintiff's Motion for Continuance and Motion to Reset Trial (Dkt. No. 100). The thrust of Plaintiff's motion appears to be his belief that the Court has thwarted his efforts to adequately prepare for trial by not ruling, until

now, on the pending motions addressed herein. For instance, Plaintiff states that he "agreed" to complete discovery on or before January 19, 2007, based upon his reliance on the court's alleged representation that it would rule "on his many motions within a short period of time." Dkt. No. 100 at 2. Plaintiff also alleges that Fannie Mae has resisted discovery and "filed false affidavits" regarding discovery matters with the Court. *Id.* at 3. Finally, Plaintiff (1) is apparently under the impression that Fannie Mae admitted to withholding discovery during a conference call with the Court on November 7, 2006; and (2) finds it somehow relevant that Swift Gore has allegedly admitted to cooperating with Fannie Mae on the defendants' joint defense, including any potential settlement proposals. *Id.* at 3–4.

The Court will address each of Plaintiff's concerns in order. First, Plaintiff is mistaken about the Court's role in this litigation, apparently subscribing to the belief that the Court entered into some sort of "deal" with Plaintiff in which the Court agreed to swap rulings on pending motions in exchange for Plaintiff's assent to a January 19, 2007 discovery cutoff. If that is Plaintiff's understanding, then he is grossly mistaken. This Court does not enter into agreements with parties; rather, the Court issues orders and expects that the parties will comply. There is no quid pro quo. The Court did not bargain with any party in setting pre-trial deadlines in this case. Rather, the Court consulted with the parties, as is customary, about the complexity of the case and the length of time in which it would be reasonable to expect that the parties could conduct discovery and adequately prepare for trial. Given the long pendency of this case, the Court believes that the January 19, 2007 discovery cutoff was – and is – reasonable.

As for the pending motions addressed herein, the Court recalls advising the parties that they would be disposed of, as they have been, in due course. None of the pending motions prevented

9

Plaintiff from seeking discovery under the rules just because the Court had not ruled on them. If anything, the rulings issued today in this order would appear to narrow the issues for trial, given that the Court has again rejected Plaintiff's attempts to revisit the earlier rulings on civil conspiracy and punitive damages. It seems reasonable to advise Plaintiff at this time that his disagreement with the Court on those rulings are matters that should be dealt with on appeal to the Fifth Circuit.

As to Plaintiff's allegations that Fannie Mae has resisted discovery, the Court notes that Plaintiff has not filed any motions to compel, which would be the proper vehicle in which to address violations of the discovery rules. Nor has Plaintiff set forth any evidence of misconduct by Fannie Mae that would rise to a level sanctionable under the rules. If Plaintiff believes that any party has failed to acquit themselves of their obligation to respond to discovery, then he is advised to file a motion to compel specifically stating the grounds thereof.

Finally, Plaintiff continues to complain about cooperation between the co-defendants as apparent evidence of some conspiracy against him. In an effort to discourage any further such complaints while this case remains pending, Plaintiff is hereby advised that there is no prohibition against co-defendants cooperating, communicating, engaging in strategy sessions, talking on the telephone, or otherwise working together in support of a joint-defense. Such activities are common under our rules of practice and have no relevance whatsoever to the merits of Plaintiffs' claims.

Based on the foregoing, the Court is of the opinion that Plaintiff has failed to demonstrate that a continuance or delay of any kind is appropriate at this time. Accordingly, his motion (Dkt. No. 100) is hereby DENIED.

**Scheduling Order**

During the scheduling conference in November 2006, the Court advised the parties of the relevant pre-trial deadlines and set this case for trial on March 12, 2007. The Court also instructed the parties to submit a draft scheduling order for the Court to sign. Due to the parties' failure to do so, the Court hereby issues the following scheduling order in accordance with the dates previously discussed with the parties:

1. EXPERT WITNESSES for party with burden of proof
   shall be named and a report furnished by:                 November 30, 2006
   EXPERT WITNESSES for respondent shall be named
   and a report furnished by:                                December 22, 2006

2. DISCOVERY must be completed by:                           January 19, 2007
   Counsel may, by agreement, continue discovery beyond deadline,
   but there will be no intervention by the Court.

3. JOINT PRETRIAL ORDER is due:                              March 5, 2007

4. TRIAL is set for:                                         March 12, 2007

Finally, the parties are hereby advised that the Court has no intention of delaying the trial date in this case absent a strict showing of good cause.

It is so ORDERED.

Signed this 5th day of January, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE