UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAM ALAM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-02-4478 |
| | § | |
| FANNIE MAE and SWIFT GORE | § | |
| REALTY, INC. | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are the following motions: (1) Plaintiff's Motion to Compel Discovery of Documents and Things; Motion to Seek Continuance; and Motion for Sanctions for Discovery Abuse (Dkt. No. 102); and (2) Plaintiff's Second Motion for Recusal and/or Disqualification by Sam Alam (Dkt. No. 103). The Court also notes that Plaintiff filed two supplements (Dkt Nos. 105 & 106) to the motion to compel. Having considered the motions, the two supplements, the entire record, and the applicable law, the Court is of the opinion that all of the motions, as well as Plaintiff's requests for oral hearing, should be DENIED.

**(a)  Plaintiff's Motion to Compel Discovery of Documents and Things; Motion to Seek Continuance; and Motion for Sanctions for Discovery Abuse (Dkt. Nos. 102, 105, & 106)**

The Court construes Plaintiff's motion to compel (Dkt. No. 102) and his two supplements (Dkt. Nos. 105 & 106) to state the following six grounds for relief: (1) Plaintiff "has made numerous attempts to seek discovery and to date all of his attempts have been unsuccessful" (Dkt. No. 102 ¶ 2); (2) Fannie Mae has improperly failed to respond to discovery requests regarding Fannie Mae CEO Daniel H. Mudd (Dkt. No. 102 ¶ 3); (3) Fannie Mae "has filed misleading and false affidavits" (Dkt. No. 102 ¶ 4); (4) Plaintiff's letter to Fannie Mae's then-CEO Fanklin Raines dated August 3,

2002 was never answered (Dkt. No. 105 ¶ 3); (5) Defendants have failed to comply with Plaintiff's deposition notices (Dkt. No. 106 ¶ 2); and (6) Defendants have "ignored Plaintiff's requests and are failing to comply and cooperate with the Plaintiff and refusing to acknowledge receipt of documents and notices" (Dkt. No. 106 ¶ 3).

The Court will address each of these allegations in order:

(1) Plaintiff's claim that "all" of his attempts to procure discovery material and deposition testimony from Defendants have been unsuccessful is simply incredible.  The materials attached to Plaintiff's supplements include various correspondence from Defendants suggesting dates for depositions and reflecting Defendants' willingness to cooperate with Plaintiff regarding those dates.  *See,* Dkt. No. 106 at 11, 13–14 & 35.  Other than these letters, Plaintiff does not include any other materials from which the Court is able to conclude that "all" of his discovery requests have been rebuffed.

(2) Plaintiff's claim that Fannie Mae has resisted discovery regarding Fannie Mae CEO Daniel H. Mudd is not supported by the evidence.  The Court has carefully reviewed all 43 pages of materials appended to the two supplements to his motion to compel.  In all of these materials, Mudd's name appears to have been mentioned only once, in a letter from Plaintiff to counsel for Fannie Mae dated December 26, 2006, in which Plaintiff states that he intends to "send a copy of this letter to Mr. Dan Gray and Mr. Daniel Mudd directly to prevent them from destroying the correspondence and discussions you have had regarding Larry Brown and my deposition notice."  Dkt. No. 106 at 34.  Based on this evidence, the Court is unable to conclude that Fannie Mae has improperly resisted discovery regarding Mudd.

(3) Plaintiff's claim that Fannie Mae has "filed misleading and false affidavits" is not supported by the evidence.  Plaintiff has failed to direct the Court to any particular "affidavit" filed by Fannie Mae

that he believes to be misleading or false. Without such evidence, the Court is unable to conclude that Fannie Mae has filed misleading or false affidavits.

(4) The Court is at a loss to understand how Plaintiff's claim that his letter dated August 3, 2002, to Fannie Mae's then-CEO Franklin Raines has any bearing on his motion to compel. The Court has carefully reviewed all of the materials appended to Plaintiff's two supplements to his motion to compel and finds that there is no letter included in the record dated August 3, 2002, from Plaintiff to Raines. Without such evidence, the Court is unable to draw any conclusions regarding whether Raines' alleged failure to respond constitutes an abuse of the discovery rules.

(5) Plaintiff's claim that Defendants have failed to comply with Plaintiff's deposition notices is not supported by the evidence. Based on the evidence in the record, the Court is able to determine only that Plaintiff has requested various depositions and that the parties have exchanged various correspondence regarding the dates for those depositions. Regarding Defendants' alleged failure to comply with deposition notices, the Court is left to wonder which depositions have been taken, which depositions have not been taken, and what witnesses, if any, Defendants have failed to produce. Without such evidence, the Court is unable to draw any conclusions regarding Defendants' compliance – or lack thereof – with Plaintiff's deposition notices.

(6) Plaintiff's claim that Defendants have "ignored Plaintiff's requests and are failing to comply and cooperate with the Plaintiff and refusing to acknowledge receipt of documents and notices" is not supported by the evidence appended to the two supplements to Plaintiff's motion to compel. Plaintiff has failed to direct the Court to any specific document supporting this claim. Without such evidence, the Court is unable to draw any conclusions regarding whether Defendants are failing to comply, failing to cooperate, or failing to acknowledge receipt of documents and notices.

In its Memorandum Opinion & Order of January 5, 2007, the Court advised Plaintiff, to the extent that he was of the opinion that either defendant had committed discovery abuses, "to file a motion to compel **specifically stating the grounds thereof**." Dkt. No. 101 at 10 (emphasis added). However, Plaintiff has failed to "specifically [state] the grounds thereof," as the Court requested. Instead, he has filed a motion and two supplements stating vague grounds for relief and appended 43 pages of unexplained materials in the apparent hope that the Court will wade through them in an aimless effort to police the exchange of discovery materials in this case. The Court, however, must decline to do so.

Accordingly, the Court is of the opinion that Plaintiff's motion to compel (Dkt. No. 102) and his two supplements (Dkt. Nos. 105 & 106), along with any and all relief requested therein, including Plaintiff's request for oral argument, should be, and hereby is, DENIED.

Finally, the Court notes that one of Plaintiff's second ground for relief deals with discovery sought from Fannie Mae CEO Daniel H. Mudd. While the Court has already expressed its opinion that Plaintiff's claim regarding discovery requested from Mudd is not supported by the evidence, it is not at all clear to the Court how or why relevant evidence about a real estate transaction in Harris County, Texas, would be within the personal knowledge of Fannie Mae's executive management, including Mudd. The Court assumes that Plaintiff has focused his trial-preparation efforts on procuring discovery from individuals directly involved in the underlying transaction.

**(b)     Plaintiff's Second Motion for Recusal and/or Disqualification by Sam Alam (Dkt. No. 103)**

The other pending motion before the Court is Plaintiff's motion to recuse (Dkt. No. 103) under 28 U.S.C. § 455(a). This is Plaintiff's second's request that the Court recuse itself from further consideration of Plaintiff's case. The first motion (Dkt. No. 62) was denied by the Court on

4

the record at a hearing with the parties on August 22, 2006.  *See* Minute Entry at Dkt. No. 82.

Some of the grounds for recusal asserted by Plaintiff in this second motion appear to be duplicative of grounds previously urged – and rejected – when the Court denied Plaintiff's first motion to recuse.  To the extent that Plaintiff is attempting to assert them as new grounds, the motion is hereby DENIED as moot.  To the extent that this second recusal motion should be construed  as a request for the Court to re-examine it's denial of Plaintiff's first recusal motion, the Court has done so and, having reviewed the first motion to recuse, the entire record, and the applicable law, is of the opinion that its prior ruling denying the motion was correct and that this second motion with respect to those duplicative grounds should also be DENIED.

Section 455(a) requires in relevant part that "[a]ny ... judge ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A recusal motion under § 455 is committed to the sound discretion of the challenged judge.  *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1162 (5th Cir.1982), *cert. denied*, 464 U.S. 814 (1983).  If the judge determines that the claims asserted by the movant fall within the ambit of § 455, then a disinterested judge must then decide what the facts are.  *Levitt v. University of Tex.*, 847 F.2d 221, 226 (5th Cir.) (citation omitted), *cert. denied*, 488 U.S. 984 (1988).

Under § 455, the movant "must show that, if a reasonable man knew of all the circumstances, he would harbor doubts about the judge's impartiality." *Travelers Insurance Company v. Liljeberg Enterprises, Inc.,* 38 F.3d 1404, 1408 (5th Cir.1994) (internal quotations omitted).  Moreover, the alleged bias "must be personal and 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Matter of Hipp, Inc.*, 5 F.3d 109, 116 n.24 (5th Cir.1993) (quoting *United States v. Grinnell*, 384

U.S. 563, 583 (1966)). Finally, "adverse rulings against the defendant in the same or a prior judicial proceeding do not render the judge biased." *Hipp*, 5 F.3d at 116 (citations omitted).

The Court construes Plaintiff's second motion to recuse as asserting seven grounds for recusal: (1) that the Court's transfer from the Houston Division to the Victoria Division during the pendency of Plaintiff's lawsuit raised so many logistical problems so as to effectively preclude the Court from adjudicating the case; (2) that the Court cannot be fair to Plaintiff because it harbors a "personal belief" that "Fannie Mae plays a significant role in the housing market;" (3) that the Court has denied Plaintiff's requests for oral hearings on various motions; (4) that the Court has failed to promptly rule on pending motions; (5) that the Court failed to punish Fannie Mae after Fannie Mae allegedly admitted to withholding discovery during a conference call; (6) that the Court patronized Plaintiff by suggesting that Plaintiff appeal the Court's prior rulings on Plaintiff's claims for fraud and civil conspiracy; and (7) that the Court failed to reverse it's prior ruling on Plaintiff's claim for civil conspiracy.

The Court will address each of these grounds in order:

(1) The Court's transfer from the Houston Division to the Victoria Division has created minimal logistical problems for the Court. The Court has presided over a docket split between Houston and Victoria for 13 years. The Court conducts many conferences involving its cases by telephone and travels to Houston for hearings and trials as needed. Moreover, the Court notes that trial will be held in the Houston Division, where Plaintiff's civil action was originally filed. In any event, inconvenience to the parties has no bearing on the Court's impartiality.

(2) Plaintiff's second ground for recusal appears to be based on language in the Court's Memorandum Opinion & Order of September 29, 2005, in which the Court dismissed Plaintiff's

claim for punitive damages. In ruling that Fannie Mae was exempt from punitive damages due to its status as a federal instrumentality, the Court noted that sound public policy counseled in favor of exemption due to "the significant role played by Fannie Mae in the national housing market." Dkt. No. 45 at 26. Plaintiff is mistaken that the Court's reference to the public policy underpinnings of its ruling on punitive damages belied its impartiality. Rather, that reference was made in the context of a substantive ruling on Fannie Mae's status as a federal instrumentality. It is not reasonable to infer from those comments that the Court has any opinion whatsoever regarding whether a federal instrumentality such as Fannie Mae should be liable under the law. The very fact that this case is set for trial would seem to indicate that, at least on the pleadings, the Court is of the opinion that liability is within the realm of possibility.

(3) Plaintiff is correct in noting that the Court has more often than not denied his requests for oral argument on various motions. However, Local Rule 7.5 regarding "Oral Submission," provides as follows:

> 7.5A. **By Request.** If a party views oral argument as helpful to the Court, the motion or response may include a request for it. If it is granted by the Court, the parties will be notified by the clerk.
>
> 7.5B. **By Order.** When oral presentation is required by the Court, counsel will be notified by the clerk of a date for oral presentation irrespective of any submission date.

As is plain from Local Rule 7.5, district courts in the Southern District of Texas are authorized to exercise broad discretion as to whether and to what extent oral argument would be useful to ruling on pending motions. The mere fact that this Court has on occasions been of the opinion that motions in this case could be resolved without oral argument has no bearing on the Court's impartiality.

(4) Plaintiff's complaints regarding the Court's alleged failure to promptly rule on pending motions

also has no bearing on the Court's impartiality. The Court has, as in all of its cases, endeavored to address pending motions in a manner commensurate with its caseload.

(5) Plaintiff's fifth ground for recusal appears to be based on language in the Court's Memorandum Order & Opinion of January 5, 2007, in which the Court noted that Plaintiff "is apparently under the impression that Fannie Mae admitted to withholding discovery during a conference call with the Court on November 7, 2006." Dkt. No. 101 at 9. That language, in turn, was based on the following statement in Plaintiff's Motion for Continuance and Reset Trial: "Fannie Mae admitted to withholding discovery prior to filing its Motion for Summary Judgment. This admission was made on a conference call in the presence of Judge Rainey on November 7, 20006." Dkt. No. 100 at 3. The Court was merely paraphrasing Plaintiff's allegation and encouraging him, to the extent he believed that either defendant had failed to comply with the discovery rules, to file a motion to compel. The Court is at a loss to understand how this issue bears on its impartiality.

(6) Plaintiff's argument that the Court patronized him by advising him in its Memorandum Order & Opinion of January 5, 2007, "that his disagreement with the Court [regarding the Court's rulings on his claims for civil conspiracy and fraud] are matters that should be dealt with on appeal to the Fifth Circuit" is unfounded. Dkt. No. 101 at 10. The Court notes that Plaintiff has filed no fewer than five motions requesting that the Court reconsider these rulings. *See* Dkt. Nos. 52, 80, 89, 93 & 97. Given these circumstances, the Court was justified in informing Plaintiff that appellate review of these rulings would likely be his only recourse.

(7) Plaintiff's seventh ground for recusal appears to be yet another request – by the Court's count, this is Plaintiff's sixth – for the Court to reverse its earlier rulings on Plaintiff's claims for civil conspiracy and fraud. As such, it has no bearing on the Court's impartiality.

Having considered Plaintiff's motion, the Court finds that none of Plaintiff's seven grounds for recusal fall within the ambit of § 455. Accordingly, the Court is of the opinion that Plaintiff's motion should be, and hereby is, DENIED.

**Conclusion**

Trial in this matter is set for March 12, 2007, in the Houston Division and the parties have been ordered to submit pretrial materials no later than March 5, 2007. The Court's coordinator will contact the parties in due course to schedule a final telephone conference during the week of March 5, 2007, at which time the Court will address any outstanding pre-trial issues, including admissibility of evidence. The parties are reminded that the Court has no intention of delaying trial in this matter absent a strict showing of good cause.

It is so ORDERED.

Signed this 2nd day of March, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE